
Case 3:12-cv-00434-G-BF   Document 11   Filed 06/07/12   Page 1 of 7

**ORIGINAL**

IN THE UNITED DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 7 2012
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| RICHARD J. BACON<br>Plaintiff | )<br>)<br>) |
| VS | ) Civil Action No.: 3:12-CV-00434-g (BF)<br>)<br>) |
| NCO FINANCIAL SERVICES AND<br>AND HORACE MANN COMPANIES<br>Defendants | )<br>)<br>) |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW Richard J. Bacon, Plaintiff in the above numbered Cause of Action and does hereby file this, his Plaintiff's First Amended Original Petition.

### VENUE

At all times complained herein and all actions complained of herein occurred in Dallas County, Texas. Plaintiff is a resident of Dallas County Texas and venue is proper as his county of residence.

### SERVICE

Defendant Horace Mann Companies is believed to be a Delaware corporation and is licensed to do business in Texas. Its principal place of business is in Irving Texas. It may be served through its service agent of record, CSC, 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant NCO Financial Services Inc is believed to be a Delaware corporation licensed to do business in Texas. It may be served through its registered agent CT Corp; 350 N. St. Paul, Suite 2900, Dallas, Texas 75201. Both

Defendants have previously been served in this suit and both defense attorneys are being provided copies of this Amended Petition by electronic mail. Service by the Court is not required.

## BACKGROUND

Richard J. Bacon filed two different lawsuits against Defendants NCO Financial and Horace Mann Companies in Small Claims Court of Dallas County, Texas, Precinct Three, Place One marked case numbers JS 1200061A and JS 1200062A. Defendants filed an ex-parte petition to move this matter to US District Court. Plaintiff disputes that jurisdiction is proper in US District Court but does agree that the proper venue is in Dallas County, Texas. Among other allegations, plaintiff asserts claims under the FCRA 15 U.S.C. § 1681 and the FDCPA 15 U.S.C. §§ 1692-1692p as well as civil fraud charges and violations of the Texas Deceptive Trade Practices Act against Defendants. As all telephonic communications at Horace Mann are recorded, all of these allegations can be confirmed unless Horace Mann has intentionally erased theses recordings and thus destroyed evidence.

## **CAUSE OF ACTION ONE**

This Cause of Action is being filed the FCRA 15 U.S.C. § 1681 and the FDCPA 15 U.S.C. §§ 1692-1692p as well as civil fraud charges and violations of the Texas Insurance Code against Defendants.

Specifically, Horace Mann Companies was told to cancel two policies of insurance on July 18, 2011. Horace Mann ignored these instructions and ignored their own policy provisions that state that the policy of insurance automatically cancels when new insurance is purchased. In addition, despite being advised to cancel said policies,

Horace Mann kept refunds rightly due Bacon under the Texas Insurance Code which states specifically that all unearned premium is to be returned to the now former policy holder. The Texas Insurance Code specifically allows for recovery in a cause of action against an insurance carrier for failure to return unearned premiums to the now former policyholder.

Instead of refunding the unearned premium, Horace Mann continued to charge premiums to the Plaintiff and then charged the Plaintiff further premiums once Horace Mann had defrauded Plaintiff of his rightful refund of his unearned premium. When Plaintiff refused to pay the premium that was continued to be charged Defendant, Horace Mann assigned the false and fraudulent debt to NCO Financial Services.

In addition, Horace Mann, by the action of ignoring the requests of the Plaintiff and then charging Plaintiff further premiums for services not provided, violated the Texas Deceptive Practices Act. Horace Mann knew or should have known that the policy should have been cancelled based on the contacts with the Plaintiff and knew or should have known that further premiums were never due. Said actions were intentionally and knowingly committed to defraud and deceive Plaintiff to try and obtain funds to which Defendants were not rightfully due. The Texas Deceptive Practices Act allows for treble damages, as defined by a jury, in addition to punitive damages and attorney fees and court costs.

## CAUSE OF ACTION TWO

NCO Financial Services accepted the debt that was referred to them by Horace Mann without a cursory investigation as to the validity of the debt in question. Instead of a cursory examination of the debt referred to them by Horace Mann, NCO sent four

different notices in 15 days to Plaintiff. As of the date of the filing of this Amended Petition, NCO, despite being sued, has never acknowledged that the debt is indeed false and that NCO should have never accepted the debt. In accepting a debt that was knowingly false, NCO violated the FDCPA 15 U.S.C. §§ 1692-1692p by specifically violating Section 807 by intentionally falsifying the character, amount or legal status of any debt and still trying to this day to collect a disputed and knowingly false debt. NCO sent notices to the Plaintiff in the attempt to collect a debt that NCO knew or should have known was false despite the false assertions of Horace Mann that the debt was valid.

Further, NCO violated the FCRA 15 U.S.C. § 1681 by falsely reporting this knowingly false debt to all three major credit reporting agencies. That listing, despite being disputed and the basis for this lawsuit, is still reporting this false debt to the credit reporting agencies.

Both the FDCPA and the FCRA allow for recovery of damages when a collection agent knowingly tries to collect a knowingly false debt and subsequently reports the knowingly false debt to any credit reporting agency.

## DAMAGES

As a result of the actions of Horace Mann and Alexander, Bacon has suffered damages that far exceed the jurisdictional minimums of this court. In addition Bacon has suffered these enumerated damages:

1) Financial losses that are at this time incalculable and must be decided by a jury. Plaintiff states that the minimum compensatory damages suffered are in excess of $250,000,000.00 (Two Hundred Fifty Million Dollars) per Defendant.
2) Loss of reputation and standing in his credit report,

3) Irreparable harm to his ability to obtain and retain employment
4) Damages to his family and others who depend on Bacon for their economic survival,
5) The costs of having to file this action to prevent further dissemination of the defaming statements made by Horace Mann and NCO,
6) A refund of all monies due Plaintiff as may be defined by a jury verdict in this matter,
7) Treble damages as allowed under The Texas Deceptive Trade Practices Act,
8) Any and all penalties allowed under the Texas Insurance Code up to and including revocation of the operating license of Horace Mann,
9) Punitive damages as allowed under the Texas Deceptive Trade Practices Act,

Bacon further pleads that all damages be considered joint and several against all Defendants.

Bacon pleads further for recovery of the costs of this action, all other attorney fees and court costs that may be recoverable under the applicable US District Court Rulesand any other damages that a jury in this matter may find appropriate against all Defendants.

## PUNITIVE DAMAGES

Bacon further pleads for punitive damages in the amount of One Hundred Million Dollars.

JURY TRIAL IS DEMANDED.

Respectfully submitted,

_____

Richard J. Bacon, Plaintiff

11432 Cromwell Ct

Dallas Texas 75229

214-773-7051

nepbsms@sbcglobal.net

CERTIFICATE OF SERVICE

I, Richard J. bacon do hereby certify that a copy of all pleadings was sent to all attorneys of record on this the 4th day of June, 2012 by electronic mail.

Whitney White
900 Jackson Street
Suite 440
Dallas, TX 75202
wwhite@sessions-law.biz

Angela Green
8117 Preston Rd
Suite 500
Dallas, TX 75225
Angela.green@ogletreedeakins.com

_____

RICHARD J. BACON

BACON V. HORACE MANN First Amended Petition Bacon v. HMIC and NCO           6



NORTH TEXAS TX750
DALLAS TX 750
06 JUN 2012 PM 5 L

US District Court Clerk
1100 Commerce St
Room 1452
Dallas TX 75242

RECEIVED
JUN 7 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



Ms. Wendy Paul
11432 Cromwell Ct.
Dallas, TX 75229-2532